Dear Mayor Jordan:
Please allow this to serve as response to your request of August 3rd, 2001 with regard to the Department of Transportation and Development's right to take an undeveloped street right of way for the widening of U.S. Highway 171 without compensating the Village of Florien.
As I understand it, you want to know if the village can be compensated for the state's taking of an undeveloped street right-of-way located between the existing highway and a public park, which was used as part of the park.
LSA-Civil Code Article 450 deals with public things and states:
 "Public things are owned by the state or its political subdivisions in their capacity as public persons.
 Public things that belong to the state are such as running waters, the waters and bottoms of natural navigable water bodies, the territorial sea, and the seashore.
 Public things that may belong to political subdivisions of the state are such as streets and public squares."
A park, which is analogous to a public square, may belong to a political subdivision of the state, such as the Village of Florien. It is, of course, a public thing, owned by the village for the benefit of all persons. See Vol. 2, Louisiana Civil Law Treatise, Property, Second Edition, by Professor A.N. Yiannopoulas.
Article I, 4, Louisiana Constitution of 1974 deals with the right to property:
 "Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of police power.
 Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. * * *"
Paragraph two of Section 4 relates to all property, public and private; it lacks the qualifying word private in the first paragraph. It prohibits the state from taking any property including public property owned by political subdivisions, except upon payment of just compensation.
Unlike the Constitution of 1921, the 1974 Constitution does not limit the language to "private property". The 1921 Constitution's expropriation provision only referred to "private property".
The 1974 Louisiana Constitution does not allow the state to take any public things belonging to a municipality without compensation. This was the result reached in the case of City of New Orleans vs. State ofLouisiana, 443 So.2d 562 (La. 1983), where the state was required to compensate the city for the "taking" of portions of Audubon Park.
The question then becomes whether this area of land is a public thing or public property.
 "The Civil Code draws a distinction between public things, the property of which is vested in the state, but the use of which is common to all the inhabitants thereof, `and even strangers,' such as the seashore, river beds, highways, streets, and public parks, and public property, which is not for the common use of the inhabitants, but may be employed for their benefit, such as, for instance, the public offices, police and fire stations, markets, schoolhouses, etc. R. C. C. 453, 454, 458.
 The latter class of public property belongs absolutely to the municipality by which it has been acquired and may be dealt with as the municipality sees fit, subject only to the restrictions imposed by the deed of acquisition or by special laws.
 The former class of public things belongs to the people, I. e., to the state, and the municipalities have only the administration thereof, unless otherwise authorized by special laws."
Anderson v. Thomas, 166 La. 512, *526, 117 So. 573, **579 (1928).
In light of the above authority, it is the opinion of this office that if the right of way was indeed granted to the Village of Florien for public use and has since been used as such it is in the class of public property, which the taking of (or deprivation of its use) by the DOTD requires the payment of just compensation under the 1974 Constitution.
We hope that this opinion adequately answers your request and if we can be of any further assistance please feel free to contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Burton P. Guidry Assistant Attorney General
RPI/BPG/tp
DATE REQUESTED: August 3, 2001
DATE RELEASED: May 1, 2002.